Ethel L. LAMBERT

v.

James E. O'NEIL et al.

No. 92–144–Appeal.

Supreme Court of Rhode Island.

March 17, 1993.

William J. Gallogly, Westerly, for plaintiff.

James E. O'Neil, Atty. Gen., Virginia McGinn, Sp. Asst. Atty. Gen., for defendants.

OPINION

PER CURIAM.

This case came before this court on March 5, 1993, pursuant to an order directed to both parties to appear and show cause why we should not summarily decide the issues raised by the plaintiff's appeal. After hearing the arguments and reviewing the memoranda of counsel, we believe the parties failed to show cause.

The plaintiff, Ethel L. Lambert, worked as a civil employee for the Rhode Island State Police from October of 1961 to April of 1983. In April of 1983 plaintiff retired and began collecting benefits as a participant in the Rhode Island state employees retirement system. The plaintiff filed this lawsuit, claiming that at the time of her retirement she was eligible to retire as a participant in the State Police retirement system. The plaintiff seeks an amount equal to the difference between the pension she received under the state employees retirement system and the pension she would have received under the State Police retirement system.

The statute governing plaintiff's eligibility for a State Police pension is G.L.1956 (1988 Reenactment) § 42–28–22, as amended by P.L.1991, ch. 174, § 3, which reads:

"*Retirement of members*—(A) Whenever any member of the state police has served for twenty (20) years, he or she may retire therefrom or he or she may be retired by the superintendent with the approval of the governor, and in either event a sum equal to one-half (1/2) of the whole salary for the position from which he or she retired determined on the date he or she receives his or her first retirement payment shall be paid him or her during life.

"* * *

"(G) The provisions in this section shall not apply to civilian employees in the Rhode Island state police."

As is clear from this language, the modern version of § 42–28–22 specifically excludes civilian employees from the State Police retirement system. Section 42–28–22, however, did not always contain this specific exclusion for civilian employees. Section 42–28–22 has taken three different forms pertinent to this case. Prior to 1980, § 42–28–22 appeared, as it does today, with a specific exclusion for civilian employees. In 1980 the General Assembly amended § 42–28–22 and, among other changes, omitted this specific exclusion for civilian employees. P.L.1980, chs. 390, 400. In 1985 the General Assembly again amended § 42–28–22 and reinstated the language specifically excluding civilian employees from the State Police retirement system. P.L.1985, ch. 385, § 1.

The plaintiff in this case retired in 1983 and claims that because she retired at a time in which § 42–28–22 contained no express exclusion for civilian employees, she is entitled to a State Police pension. We disagree. Even the version of § 42–28–22 that existed in the period between 1980 and 1985 limited the State Police pension system to "members" of the State Police. The plaintiff was never a member of the State Police and accordingly cannot participate in the State Police retirement system.

We deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.